UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN A. STRANGE,

        Plaintiff,

v.                                 Case No. 3:22-cv-771-BJD-PDB

RICKY DIXON, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Steven A. Strange, an inmate housed at Florida State Prison (FSP), initiated this action by filing a memorandum of law in support of a motion for temporary restraining order and preliminary injunction (Doc. 1; Pl. Mot.) with a declaration (Doc. 2; Pl. Dec.) and a motion to proceed as a pauper (Doc. 3). Plaintiff asserts his rights to "redress" and access to the courts have been violated, Pl. Mot. at 1, because FSP staff have conspired to "tamper with, detain, or destroy [his] outgoing and incoming Federal U.S. Court documents," and have destroyed his grievances to prevent him from exhausting claims, Pl. Dec. at 2.

Plaintiff also contends his right to privacy has been violated because the Florida Department of Corrections (FDOC) or its vendor J-Pay is "displaying family contact information to inmate's [sic] affiliated [sic] org[a]nized crime

that is providing financial funding to drug cartels and terrorist organizations." Pl. Mot. at 2 (internal punctuation omitted). Plaintiff does not specify the precise nature of the relief he seeks. He merely contends he is "entitled to a temporary restraining order [and] preliminary injunction." Id.; Pl. Dec. at 3.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

The Prison Litigation Reform Act (PLRA) "adds to the preexisting limits on injunctive relief," see Ga. Advoc. Office v. Jackson, 4 F.4th 1200, 1208 (11th Cir. 2021), providing that "[p]reliminary injunctive relief [related to prison conditions] must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

2

Plaintiff fails to carry his burden demonstrating injunctive relief is warranted. Significantly, he does not demonstrate a likelihood of success on the merits of any purported claim, including a denial of access to the courts and a violation of the right to privacy. To state a claim for a denial of access to the courts, a plaintiff must allege an "actual injury." Lewis v. Casey, 518 U.S. 343, 349 (1996); see also Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." Barbour, 471 F.3d at 1225 (citations omitted).

Plaintiff contends that prison staff prevented him from mailing a civil rights complaint and other documents to the Northern District in Tallahassee, though he does not describe the nature of the complaint or the relief sought, nor does he allege he is forever barred from filing an action because of the alleged interference with his mail. Plaintiff also suggests prison staff interfered with his mail (either incoming or outgoing) related to a civil rights action he initiated in the Southern District in 2019 complaining about the FDOC's contract with J-Pay. Pl. Dec. at 2 (citing Southern District case number 1:19-cv-24575-WPD). That case was closed on June 9, 2021, pursuant to Plaintiff's notice of voluntary dismissal. See Docs. 35, 37, Case No. 1:19-cv-24575-WPD (S.D. Fla.). Moreover, the documents Plaintiff contends were the

3

subject of mail "interference" appear on the court's docket as having been filed (Docs. 8 and 9), id., a fact Plaintiff himself acknowledges in his declaration, Pl. Dec. at 2.

Upon review, the Court finds Plaintiff does not allege prison staff engaged in conduct that impeded his ability to pursue a nonfrivolous claim. As such, he fails to state a plausible access-to-courts claim. He also fails to allege facts showing an actionable violation of his right to privacy. The Eleventh Circuit has recognized inmates have a general right to privacy in their personal medical information and their bodies. See Harris v. Thigpen, 941 F.2d 1495, 1513 (11th Cir. 1991) (observing, that inmates "retain [a] certain fundamental right[] of privacy"); Fortner v. Thomas, 983 F.2d 1024, 1030 (11th Cir. 1993) ("[W]e now recognize that prisoners retain a constitutional right to bodily privacy."). However, the court has noted that a right to privacy is not explicitly established in the Constitution, and the "scope of such a right. . . is far from settled." Harris, 941 F.2d at 1513 n.26. See also Fortner, 983 F.2d at 1030 ("[The] court has declined to define the precise parameters of a prisoner's constitutional right to privacy.").

Plaintiff alleges J-Pay, a company under contract with the FDOC, has displayed or disclosed to other inmates his "family contact information." Pl. Mot. at 2. Even if Plaintiff had a constitutional right of privacy in such

information, Plaintiff does not describe a specific instance in which his personal information was disclosed to others. As such, his allegations amount to mere conclusory assertions devoid of factual enhancement. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining a plaintiff must provide more than "[l]abels and conclusions" or "a formulaic recitation of the elements of a cause of action" to state a plausible claim for relief).

Because Plaintiff fails to allege facts to state a plausible claim for relief, he necessarily fails to demonstrate a likelihood of success on the merits of any purported claims. However, had he demonstrated a likelihood of success on the merits and satisfied the other prerequisites to obtain injunctive relief, his failure to specify the precise nature of the relief he seeks would prevent the Court from making the particularized need-narrowness-intrusiveness findings required under the PLRA. See 18 U.S.C. § 3626(a)(2). See also Fed. R. Civ. P. 65(d)(1) (requiring an order granting injunctive relief to "state its terms specifically and describe in reasonable detail . . . the act or acts restrained or required" (internal punctuation and numbering omitted)).

To the extent Plaintiff is attempting to raise claims regarding the conditions of his confinement at FSP, he has not filed a civil rights complaint form and, therefore, has not properly initiated a civil rights action. See M.D. Fla. R. 6.04(a) ("A pro se person in custody must use the standard form . . . to

5

file . . . a complaint."). Thus, this case will be dismissed without prejudice subject to Plaintiff's right to initiate a nonfrivolous civil rights action, if he elects to file one.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion for injunctive relief (Doc. 1) is **DENIED**.

2. This case is hereby **DISMISSED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice and close the file.

4. The **Clerk** shall send Plaintiff a civil rights complaint form.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of July 2022.

BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Steven A. Strange